**FANENE S. SCANLAN, Plaintiff,**

**v.**

**FANENE FETAIAIGA KAVA and DOES I-X, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 13-00

September 6, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and
SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Paul F. Miller
For Defendant, Charles V. Ala`ilima

ORDER DENYING MOTION FOR NEW TRIAL

This dispute concerns land *Lalopua* in the village of Pago Pago
belonging to the Fanene extended family. As the consequence of prior
court decisions, the once unitary Fanene family has been split into two
factions who have been fighting ever since for dominion over real family
assets. The latest round in this enduring inter-factional rivalry concerns
the attempt by one faction to altogether oust the other from communal
land, and thereby, effectively disenfranchise the defendants' side not
only as Fanene family members, but as an extended Samoan family
unit.[1] We denied the petition for eviction and refused to perpetuate a

---

[1] The *fa`a* Samoa or the Samoan way life has twin cornerstones, the
*matai* system and communal land tenure. *Fairholt v. Aulava*, 1 A.S.R.2d
73, 78 (Land & Titles Div. 1983); *Tavai v. Silao*, 2 A.S.R.2d 1, 2 (Land
& Titles Div. 1983); *Lavata`i v. Pen*, AP No. 08-94, slip op. at 8 (App.
Div. 1996). Thus, without communal land, the defendant's side of the
family would simply cease to exist as a Samoan family unit.

travesty on the *fa`a* Samoa, as it concerns the defendants.

We are cognizant of the fact that the land *Lalopua* has been fought over and previously litigated. In fact, our Order & Opinion deals quite extensively with the previous litigation and contains our related analysis. As explained in detail in our opinion, the 1945 *Lalopua* land decision, *Taofi v. Fanene*, 2 A.S.R. 197 (Trial Div. 1945), was misinterpreted by the court in 1971, LT Nos. 1089 and 1154 (Land & Titles Div. 1971), and this misinterpretation was applied as controlling precedent by later courts without close review of the substance of the decision. We found, among other things, that the defendants are in fact members of the extended Fanene family, the same family that was found to be entitled to *Lalopua* in 1945. The problem, essentially, is that the 1945 decision treated the Fanene family as one, but the 1971 decision treated the 1945 case as precedent in favor of only one side of the by then divided Fanene family.

■ Res judicata is, of course, a concern in a situation where the same land has been previously contested. However, the previous cases not only misapplied the 1945 decision, they also never addressed the issue of eviction. It is our opinion that the issue of eviction casts a new light upon all the issues revolving around the disagreement over this piece of land. The questions of who is entitled to live on *Lalopua* and who has *pule* over it cannot be properly addressed without considering the full ramifications of the 1971 decision, including possible evictions. The highest authorities in the territory are the Treaties of Cession and the Constitution. These resources dictate that we respect the right to property according to custom. *See* April 17, 1900 Cession of Tutuila and Aunu`u (February 20, 1929); July 16, 1904 Cession of Manu`a Islands (May 22, 1929); REV'D CONST. OF AM. SAMOA art. I, ' 2. We cannot in good conscience respect the customs and traditions of the Samoan people and continue to apply the previous wrongly footed decisions concerning this property. With the issue of eviction, we were forced to consider fundamental issues, which we outlined in our detailed opinion and order.

**Order**

We see no manifest error of law or mistake of fact required to order a new trial. Accordingly, we deny plaintiff's motion.

It is so ordered.